UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                        CIVIL ACTION

LAURITA WOODS, ET AL                          NUMBER 09-330-JVP-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 19, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN POULLARD (#98999)

VERSUS                                      CIVIL ACTION

LAURITA WOODS, ET AL                        NUMBER 09-330-JVP-SCR


<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.  Record document number 32.  The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Laurita Woods and Capt. Michael McCormick.  Plaintiff alleged that Capt. McCormick sprayed him with mace in retaliation for the plaintiff warning Capt. McCormick that he would file an administrative grievance against him.  Plaintiff further alleged that Capt. Woods rejected his administrative grievance in retaliation for filing an administrative grievance against Capt. McCormick and other unidentified wardens.

Defendants moved for partial summary judgment relying on a statement of undisputed facts, the affidavit of Rhonda Z. Waldon, the results of Administrative Remedy Procedure (hereinafter ARP)

---
[1] Record document numbers 37 and 39.

EHCC-2009-1 and EHCC-2009-48 and responses to Request for Admissions directed to Woods.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his claims before bringing his suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust);

*Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385

3

F.3d 503, 522 (5th Cir. 2004).   A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

### ARP EHCC-2009-1

Plaintiff alleged that on January 2, 2009, he warned Capt. McCormick that he would file an administrative grievance against him or any warden who ordered the use of chemical irritant in response to an accusation by a female correctional officer that she observed an inmate masturbating.  Plaintiff alleged that later the same day Capt. McCormick woke him and ordered him to come to the cell bars to be restrained.  Plaintiff alleged that Capt. McCormick sprayed him in the face with mace.  Plaintiff alleged that he took the can of mace away from Capt. McCormick and held it until he was able to hand it to Maj. Johnson.  Plaintiff alleged that Capt. McCormick sprayed him with mace in retaliation for the plaintiff warning Capt. McCormick that the plaintiff would file an administrative grievance against Capt. McCormick.

The summary judgment evidence showed that the plaintiff filed ARP EHCC-2009-1 on January 3, 2009, complaining that on January 2, Capt. McCormick sprayed him with mace after being notified that an inmate had been observed masturbating at the door of cell 2.[2]

---

[2] Record document number 32-4, exhibit B, p.1.

4

Plaintiff complained that although he was confined in cell 3, Capt. McCormick ordered him to come to his cell bars to be restrained and then sprayed him in the face with mace.[3]   Plaintiff complained that "this unnecessary and excessive force retaliation malfeasance was ordered by Warden Howard Prince and Warden McKey."[4]   Plaintiff complained that Wardens Prince and McKey ordered the issuance of false disciplinary reports to justify the excessive use of force against an inmate accused of masturbating in front of a female employee.[5]

The summary judgment evidence showed that ARP EHCC-2009-1 was rejected on the grounds that the plaintiff failed to comply with established rules and procedures for seeking administrative review of issues related to disciplinary matters as is required by the prison rule book.[6]

The summary judgment evidence showed that the plaintiff failed to exhaust proper administrative remedies regarding his claims against Capt. McCormick before filing his complaint.

### ARP EHCC-2009-48

Plaintiff alleged that he filed EHCC-2009-1 complaining about

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 4.

the January 2 incident. Plaintiff alleged that Capt. Woods rejected ARP EHCC-2009-1 in retaliation for filing the administrative grievance against Capt. McCormick and unidentified wardens.

The summary judgment evidence showed that the plaintiff filed ARP EHCC-2009-48 on January 20, 2009.[7] Plaintiff complained that Woods violated his First Amendment rights to redress grievances when she rejected EHCC-2009-1.[8] The administrative grievance was accepted on February 3, 2009,[9] was denied at the First Step on February 5 and at the Second Step on April 14.[10]

The summary judgment evidence showed that in both the First and Second Step responses, prison officials understood the plaintiff to complain that the ARP was erroneously rejected.[11] Nowhere did the plaintiff mention that Woods retaliated against him or that her actions were anything more than negligence.[12] The summary judgment evidence showed that although the plaintiff could have corrected any misconception on the form used to proceed from the First Step to the Second Step of the administrative grievance

---

[7] Record document number 32-5, exhibit C, p. 1.

[8] *Id*.

[9] *Id*. at 2.

[10] *Id*. at 5-6.

[11] *Id*.

[12] *Id*. at 1, 5.

procedure, he failed to do so.[13]

The summary judgment evidence showed that the plaintiff's administrative grievance failed to provide administrators with a fair opportunity to address the plaintiff's claim that Woods retaliated against him, a claim which later formed the basis of this suit.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies be granted and this action be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status.[14]

Baton Rouge, Louisiana, January 19, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] *Id*. at 5.

[14] *Underwood v. Wilson*, 151 F.3d at 296.